Dear Ms. LeJeuene:
We are in receipt of your request for an Attorney General's Opinion regarding the requirements for registering and voting of a person referred to as "illiterate". Specifically, you have requested our opinion on the following question:
 What is the proper procedure for handling persons who are claiming to be illiterate by not being able to read and write, or claim that they are unable to understand the ballot before them?
LSA-R.S. 18:564, as recently amended by a passage of Act 752 of the 1997 Legislative Session, states in pertinent part:
 D. (1) Prior to receiving assistance under this Section, the voter shall file with the registrar in person or by mail a statement setting forth the necessity and reasons for this assistance and shall furnish a certificate of a medical doctor or optometrist certifying to the irremediable nature of the physical handicap as proof of disability. If such statement is filed with the registrar as provided in this paragraph or if a statement is presented to the commissioner-in-charge on election day pursuant to Paragraph (2) of this subsection, the registrar shall indicate such facts on the voter's original application for registration, on the voting certificate, and on any other official registration records. The registrar shall retain the statement of disability for thirty days after the election. Thereafter, the voter shall not be required to present evidence of any kind at the polls.
 (2) A voter shall also be entitled to assistance without having filed with the registrar a statement setting forth the necessity and reasons for this assistance if, on election day, the voter presents to the commissioner-in-charge a physician's certificate indicating the voter's inability to vote without assistance because of a physical handicap. The commissioner-in-charge shall attach this certificate to the precinct register.
LSA-R.S. 18:564(A), also provides, "a voter shall not receive assistance in voting unless he is unable to read".
In Attorney General Opinion No. 95-485(A), in connection with a similar request, it was our opinion that if a voter had registered to vote and did not originally indicate a need for assistance, then on a later date request voting assistance, stating that he or she is unable to read, the voter is required to provide the registrar of voters with a statement setting forth the necessity and reasons for the assistance. It was further our opinion that it was not necessary for the voter to furnish a certificate of a medical doctor when he or she requests assistance in voting when he or she is unable to read. Such a certificate would only be required when a voter requests assistance because of a physical handicap.
While the statute has been amended by Act 752 of the 1997 Legislature, such amendment did not specifically address this issue. Therefore, it is our opinion that a person claiming to be illiterate must file statements setting forth the necessity and reasons for the assistance with the registrar in person or by mail, prior to the election, or file a statement setting forth the necessity and reasons for the assistance with the commissioner-in-charge on election day.
We do not believe that it is necessary for the voter to furnish a certificate of a medical doctor when the voter requests assistance in voting because he is unable to read. Such a certificate is only necessary when a voter requests assistance because of a physical handicap.
If we can be of further assistance, please do not hesitate to contact us.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: CHARLES H. BRAUD, JR. Assistant Attorney General
RPI:CHB, jr:glb
Date Received:
Date Released: